IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD.,<br><br>                PLAINTIFF,<br><br>v.<br><br>WILLIAM GRECIA,<br><br>                DEFENDANT. | Case No. _____<br><br>**JURY DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY**

Plaintiffs Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC") (collectively "Samsung"), file this Complaint for Declaratory Judgment against Defendant William Grecia ("Grecia"), and allege as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

2. Samsung seeks a declaratory judgment that (1) Samsung does not infringe United States Patent No. 8,402,555 (the "'555 patent") and (2) the '555 patent is invalid. The '555 patent is appended hereto as Exhibit A.

3. Grecia's recent threats to Samsung and history of serial litigation have created a substantial controversy of sufficient immediacy and reality that declaratory judicial resolution is warranted. The actual controversy exists because Grecia, who has filed dozens of infringement

suits, has again threatened Samsung, and has serially, and unsuccessfully, sued SEA and its customers over the past several years. Over the last few weeks, Grecia has launched threats of yet another lawsuit against Samsung. Samsung seeks declarations from the Court to resolve the controversy and put an end to Grecia's serial threats and litigation.

## PARTIES

4. SEA is a New York corporation with its principal place of business located at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

5. SEC is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business at 129 Samsung-ro, Maetan-3dong, Yeongton-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea.

6. Grecia is an individual. On information and belief, Grecia maintains his residence in Downingtown, Pennsylvania.

## JURISDICTION AND VENUE

7. This action for a declaratory judgment of non-infringement arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

8. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1338, 2201, 2202, and 35 U.S.C. § 1, *et seq.* because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201.

9. Grecia is subject to personal jurisdiction in the Eastern District of Pennsylvania because, on information and belief, Grecia resides in Downingtown, Pennsylvania, and therefore resides in the District.

10. Venue in this District is proper under 28 U.S.C. §§ 1391(b), (c), and/or 1400(b) because, on information and belief, Grecia resides in Downingtown, Pennsylvania, and therefore resides in this District.

## PATENT-IN-SUIT

9. On information and belief, the '555 patent was issued on March 19, 2013, to William Grecia with the title "Personalized digital media access system (PDMAS)." A copy of the '555 patent is attached as Exhibit A.

10. United States Patent and Trademark Office records indicate that Grecia is the current owner of the '555 patent.

## EXISTENCE OF AN ACTUAL CONTROVERSY

11. Grecia's past actions demonstrate that his threats of suing are credible and give rise to an actual controversy between Grecia and Samsung regarding the '555 patent under 28 U.S.C. §§ 2201 and 2202. As set forth with particularity herein, Grecia has filed dozens of patent infringement suits. Beginning in 2015, Grecia has repeatedly threatened suits against Samsung and serially sued SEA and its customers for infringement of the '555 patent and/or related patents. In each suit filed against SEA or its customers, Grecia either voluntarily dismissed the complaint or lost the suit on the merits. In January 2021, Grecia threatened Samsung with another action, this time asserting the '555 patent, unless Samsung entertained a proposal to purchase and/or license Grecia's portfolio. Samsung previously has told Grecia it is not interested in a purchase of, or license to, any Grecia patent, including the '555 patent. That remains true: Samsung is not

interested in purchasing or licensing Grecia's patents. Thus, as further supported by the facts and allegations recited herein, there is a real, immediate, and justiciable controversy warranting declaratory relief.

12. Since 2013, Grecia has filed some 68 lawsuits asserting the '555 patent and/or its continuations, U.S. Pat. Nos. 8,533,860 ("the '860 patent") and 8,887,308 ("the '308 patent"). The '555, '860 and '308 patents share the same specification and relate to the same subject matter. The '555 patent has been asserted in at least 25 of Grecia's suits, including two suits in just the past month.

13. Grecia has sued SEA three times before. Grecia also has sued three of SEA's customers based on their sale of a Samsung product. The first of Grecia's SEA suits was filed in March 2015 in the Northern District of California. The suit alleged infringement of the '308 patent based on the use of Samsung phones for PayPal purchases. *Grecia v. Samsung Elecs. Am., Inc.*, No. 4-15-cv-00975 (N.D. Cal., March 24, 2015). Three weeks later, Grecia voluntarily dismissed that action without prejudice.

14. In December 2016, Grecia sued SEA for the second time. This suit alleged that Samsung's mobile payment Samsung Pay software on Samsung devices infringes the '860 patent. Following claim construction briefing and a hearing, all asserted claims of the '860 patent were found to be invalid as indefinite. *Grecia v. Samsung Elecs. Am., Inc.*, No. 1-16-cv-09691, Dkt. 58 (S.D.N.Y. Sept. 8, 2018). More particularly, the district court determined that independent claim 21 was determined to be written in means-plus-function format pursuant to 35 U.S.C. § 112, ¶ 6 (pre-AIA) even though it lacked the word "means." The court further determined that there was insufficient corresponding structure in the specification for the means-plus-function limitations, thereby rendering claim 21 and its dependent claims 22-30 invalid as indefinite under

35 U.S.C. § 112, ¶ 2 (pre-AIA). Grecia appealed, and on August 20, 2019, the Federal Circuit affirmed the judgment. *Grecia v. Samsung Elecs. Am., Inc.*, No. 2019-1019, Dkt. 45, (Fed. Cir. Aug. 20, 2019).

15. On September 17, 2018, just nine days after the district court found the '860 patent claims invalid, Grecia threatened suit again. His attorney sent claim charts to Samsung's attorneys purporting to show how claims of the '555 patent read on Samsung Pay software running on Samsung devices sold by three Samsung customers—Verizon, T-Mobile, and Sprint. Without further notice to Samsung, on November 9, 2018, Grecia sued each one of those customers alleging that sales of Samsung devices running Samsung Pay infringe both the '555 patent and the '308 patent. *Grecia v. Sprint Commc'ns. Co.*, No. 1:18-cv-10426, Dkt. 1 (S.D.N.Y. Nov. 9, 2018); *Grecia v. T-Mobile USA, Inc.*, No. 1:18-cv-10428, Dkt. 1 (S.D.N.Y. Nov. 9, 2018); *Grecia v. Verizon Commc'n. Inc.*, No. 1:18-cv-10429, Dkt. 1 (S.D.N.Y. Nov. 9, 2018). These lawsuits were voluntarily dismissed without prejudice on April 10, 2019.

16. On April 11, 2019, the day after he dismissed the three suits against Samsung's customers, Grecia filed his third suit against SEA. This one alleged that Samsung Pay infringes the '308 patent. *Grecia v. Samsung Elecs. Am., Inc.*, No. 1-19-cv-03278, Dkt. 1 (S.D.N.Y. Apr. 11, 2019). On March 13, 2020, the district court granted SEA's motion to dismiss, finding claim 1 of the '308 patent invalid under 35 U.S.C. § 101 as directed to patent-ineligible subject matter. *Grecia v. Samsung Elecs. Am., Inc.*, No. 1-19-cv-03278, Dkt. 35 (S.D.N.Y. Mar. 13, 2020). Grecia appealed, and on January 7, 2021, the Federal Circuit affirmed the judgment. *See Grecia v. Samsung Elecs. Am., Inc.*, No. 2020-1831 (Fed. Cir. Jan. 7, 2021).

17. On March 31, 2020, less than three weeks after SEA invalidated a Grecia patent for the second time, Grecia's attorney sent an email to Samsung's counsel with a subject line

referencing Grecia's third patent in the same patent family—"Samsung has a 555 case pending file." The email stated that "Mr. Grecia would like to achieve a global settlement with Samsung in exchange for $600,000." Attached to the email was a claim chart purportedly showing how certain claims of the '555 patent read on a Samsung mobile point of sale (mPOS) application. On April 17, 2020, Samsung sent a response advising Grecia's counsel that "the allegedly infringing mPOS app is not available, and has never been available, in the United States," and that, in any event, the mPOS app plainly would not infringe the '555 patent. The response also made clear that Samsung had no interest in Mr. Grecia's "settlement" demand.

18. Less than a month ago, on January 15, 2021, Grecia sent an email from the address business@greciafamily.estate to Samsung's counsel and a Senior Vice President in Samsung's Silicon Valley intellectual property office. The email was signed by the "Grecia Estate & Trust." On information and belief, the "Grecia Estate & Trust" is an alias used by Grecia. The email stated that "Mr. Grecia has delayed the filing of the attached documents . . ." to give Samsung an opportunity to purchase Grecia's patent portfolio. The email attachments included a claim chart purporting to show how claims of the '555 patent read on Samsung's Knox mobile security software.

19. On January 19, 2021, in a follow-up email to the same recipients, Grecia, via the "Grecia Family Estate & Trust," stated that he planned no action against any party considering "successor assignment." Samsung was not considering successor assignment or obtaining any other rights to Grecia's patents. Grecia's statement that he would not take action, therefore, did not apply to Samsung.

20. Last Monday, on February 1, 2021, Grecia, again via the "Grecia Family Estate & Trust," sent another email to the same recipients attaching a new claim chart, this one purporting

to show that claims of the '555 patent read on Samsung Pay and/or the issuance by banks of debit cards that are compatible with Samsung Pay. This chart included the subtitle "Filing, Trial, SJ Chart." In the February 1 email, Grecia stated that he would not "assert an aggressive strategy" against parties considering his deal proposals. Samsung was not interested in, and did not plan to engage in any discussion of, Grecia's deal proposals. Therefore, according to Grecia, Samsung would be subject to an aggressive strategy.

21. The actions by Grecia described above demonstrate the existence of an actual, justiciable controversy between Grecia and Samsung as to whether Samsung's Knox software, Samsung Pay software, or any immaterially different Samsung products (collectively, the "Accused Products") infringe the '555 patent. Namely, Grecia's recent correspondence in combination with Grecia's aggressive litigation strategy—including Grecia's past suits against SEA, its customers, and other parties alleging infringement of the '555 patent and related patents based on Samsung's products—indicate an intent by Grecia to pursue litigation of the '555 patent against Samsung. As noted above, Grecia's history includes suits against: (a) SEA regarding the '860 and '308 patents, (b) SEA's customers regarding the '555 and '308 patents, and (c) at least 22 other parties regarding the '555 patent. As such, Grecia's strategy of patent enforcement can be reasonably inferred as demonstrating intent to enforce the '555 patent. And Grecia's recent correspondence establishes that the present controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

22. Grecia's actions have also cast uncertainty over Samsung's products and business. Absent a declaration of non-infringement, Grecia will continue to wrongfully allege that Samsung and/or its customers infringe the '555 patent, and thereby cause a restraint on Samsung's free exploitation of non-infringing products or an immediate threat of such a restraint.

## CLAIMS FOR RELIEF

### First Claim (Non-Infringement of the '555 Patent)

23.     Samsung realleges and incorporates all above paragraphs as if fully set forth herein.

24.     The '555 patent, as appended hereto as Exhibit A, has three independent claims: claims 1, 12 and 15.  In September 2018, the United States District Court for the Southern District of New York found claim 12 and all claims dependent thereon invalid as indefinite under 35 U.S.C. § 112.  *Grecia v. Mastercard International, Inc.*, No. 1-15-cv-09059, Dkt. 89 (S.D.N.Y. Sept. 8, 2018).  That case was dismissed with prejudice on November 20, 2018.  *Id.*, Dkt. 104 (effective December 20, 2018).  Claim 12 of the '555 patent and all claims dependent thereon, i.e., claims 13, 14, 24, 25 and 26, are invalid and therefore cannot be asserted against Samsung. The claims of the '555 patent at issue are therefore claim 1 and the claims dependent thereon, i.e., claims 2-11, and claim 15 and the claims dependent thereon, i.e., claims 16-23 (collectively, the "claims of the '555 patent").

25.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality regarding whether Samsung's Accused Products infringe the claims of the '555 patent, including Samsung facing an imminent threat of restraint on free exploitation of its non-infringing goods, such that a declaratory judgment of non-infringement is warranted.

26.     Samsung has not infringed, induced others to infringe, or infringed contributorily, willfully or otherwise, literally or under the doctrine of equivalents, the claims of the '555 patent by or through making, using, offering for sale, selling within the United States and/or importing the Accused Products.

27.     By way of example, claim 15 of the '555 patent is directed to:

> A computer program product for use with a computer, the computer program product comprising a non-transitory computer usable medium having a computer readable program code stored therein for monitoring access to an encrypted digital media, the method facilitating interoperability between a plurality of data processing devices, the computer program product performing the steps of:
>
> receiving an encrypted digital media access branding request from at least one communications console of the plurality of data processing devices, the branding request being a read or write request of metadata of the encrypted digital media, the request comprising a membership verification token provided by a first user, corresponding to the encrypted digital media;
>
> authenticating the membership verification token, the authentication being performed in connection with a token database;
>
> establishing a connection with the at least one communications console wherein the communications console is a combination of a graphic user interface (GUI) and an Application Programmable Interface (API) protocol wherein the API is related to a verified web service, the verified web service capable of facilitating a two way data exchange to complete a verification process;
>
> requesting at least one electronic identification reference from the at least one communications console wherein the electronic identification reference comprises a verified web service account identifier of the first user;
>
> receiving the at least one electronic identification reference from the at least one communications console; and
>
> branding metadata of the encrypted digital media by writing the membership verification token and the electronic identification reference into the metadata.

28. Samsung does not infringe claim 15 of the '555 patent or any claim dependent thereon at least because the Accused Products do not embody all of the limitations of claim 15.

29. For example, claim 15 is directed to a "computer program product . . . for monitoring access to an encrypted digital media . . . " by "branding metadata" into the encrypted digital media. According to claim 15, the metadata branded into encrypted digital media is (1) a "membership verification token . . . corresponding to the encrypted digital media," and (2) an "electronic identification reference [that] comprises a verified web service account identifier." But the Accused Products do not brand either a verification token or an electronic identification

9

reference comprising a verified web service account identifier into encrypted digital media. In Grecia's Knox claim chart of January 15, 2021, the alleged "encrypted digital media" are Knox Enabled Apps, but no branding, or writing, of metadata, much less branding the particular claimed metadata, into the Knox Enabled Apps, is identified by Grecia. In Grecia's Samsung Pay claim chart of February 1, 2021, Grecia does not identify any alleged "encrypted digital media" other than the accused Samsung Pay program itself, which does not make sense. And the Samsung Pay claim chart does not identify any branding, or writing, of metadata, much less branding the particular claimed metadata, into the Samsung Pay program.

30. As another example, claim 15 requires "receiving an encrypted digital media access branding request from at least one communications console . . . where "the branding request is a read or write request of metadata of the encrypted digital media." But the Accused Products do not receive encrypted digital media access branding requests. In his Knox claim chart, Grecia seems to allege that a Knox administrator's username and/or password is an encrypted digital media access branding request. But the username and/or password are not a request to read or write metadata of encrypted digital media. They simply provide access to the Knox program. In his Samsung Pay claim chart, Grecia seems to allege that entering a user's credit card number meets this claim limitation. But entering a user's credit card number in Samsung Pay is not a request to read or write metadata of encrypted digital media. The credit card number is information required to use the Samsung Pay service.

31. Claim 1 of the '555 patent is a method claim. Other than its preamble, claim 1 is identical to claim 15 of the '555 patent. For at least the reasons set forth in the preceding two paragraphs, the Accused Products do not embody all of the limitations of claim 1, and Samsung therefore does not infringe claim 1 of the '555 patent or any claim dependent thereon.

32.     Samsung does not induce infringement of the claims of the '555 patent or otherwise indirectly infringe those claims because, for at least the reasons stated above, there is no direct infringement of those claims because the Accused Products do not satisfy several limitations of those claims. Additionally, Samsung has not acted with the specific intent necessary for induced infringement.

33.     Samsung does not contributorily infringe the claims of the '555 patent because, for at least the reasons stated above, there is no direct infringement of those claims because the Accused Products do not satisfy several limitations of those claims. In addition, the Accused Products have substantial non-infringing uses and Samsung did not have the knowledge or intent necessary for contributory infringement.

34.     Accordingly, Samsung is entitled to a declaratory judgment that it has not directly infringed, induced others to infringe, or infringed contributorily, willfully or otherwise, literally or under the doctrine of equivalents, the claims of the '555 patent by or through making, using, offering for sale, selling within the United States and/or importing the Accused Products.

35.     A judicial determination is necessary and appropriate so Samsung may ascertain its rights regarding the claims of the '555 patent.

### Second Claim (Invalidity of the '555 Patent)

36.     Samsung realleges and incorporates all above paragraphs as if fully set forth herein.

37.     The '555 patent is invalid under at least 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

38.     The claims of the '555 patent are directed to the abstract idea of storing information about permission and identity for processing access requests. The recited inventions are

implemented using conventional computer technologies and lack any inventive concept. The Southern District of New York reached the same conclusion with respect to claim 1 of the '308 patent when that court found claim 1 of the '308 patent invalid as directed to patent-ineligible subject matter. *Grecia v. Samsung Elecs. Am., Inc.*, No. 1-19-cv-03278, Dkt. 35 (S.D.N.Y. Mar. 13, 2020). There is no meaningful distinction between the claims of the '555 patent and claim 1 of the '308 patent for purposes of patent eligibility. The claims of the '555 patent are accordingly invalid under 35 U.S.C. § 101 because they are directed to patent-ineligible subject matter. Grecia is also collaterally estopped from disputing the invalidity of the claims of the '555 patent under 35 U.S.C. § 101 for being directed to patent-ineligible subject matter.

39. The claims of the '555 patent also are anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 (pre-AIA). By way of example, prior art that renders the claims of the '555 patent anticipated and/or obvious includes, but is not limited to:

- U.S. Patent Application Publication No. 2007/0156726 to Levy ("Levy"), published July 5, 2007.
- Assertions and Protocols for the Security Asserting Markup Language (SAML) V2.0 ("SAML"), published May 17, 2005.

40. Levy discloses a system that connects consumers of digital content and associated metadata to managed metadata databases for the content and other digital resources. The Levy system allows users to access such content and the associated metadata via a routing system with user console devices including applications such as readers.

41. Fig. 2 of Levy is a flow diagram illustrating interaction between a reader and a directory system to link a content object with a metadata source, and Fig. 3 is a system diagram illustrating a directory system and its interaction with ID providers for registration of content IDs and readers for resolution of content IDs. As shown in Figs. 2 and 3, reader 216 extracts (step 110) a content identifier (CID) of a requested content object and sends (step 112) the CID to the

directory system 204. The directory system 204 combines (step 114) the CID into a GUI (global unique identifier) and requests (step 116) source information for the metadata for the content object from the Database System 208. Upon receiving the metadata source information, referred to as the Metadata Source ID 212, the directory system 204 sends (arrow from step 116 to the reader) the Metadata Source ID 212 to the reader 216, which allows the reader 216 to retrieve metadata and further permit access to the associated content object.

42. Levy's Resolution Interface 224 and router system brands metadata by writing the Metadata Source ID including the user's registered identity for accessing content. Levy authenticates each user and the associated reader and encrypts data for secure communication between the reader and content owners, which Levy depicts in Fig. 8.

43. The User Reading Environment, including the reader 216 and associated software as illustrated in Fig. 3, authenticates and registers the user by communication with the Registration Authority Router Environment. Users register by submitting information such as their email address, home address, reader ID, registration identification, password, etc. The Registration Authority Router Environment includes routers to authenticate users' identities. Upon registration, the reader software keeps the username and submits it with each resolution request, as described above with respect to the communication between the reader 216 and directory system 214. Levy also encrypts data ("Protected and Identified Content") transmitted between the user and content owners. For example, Levy discloses that the digital media will be embedded with content auxiliary channels, such as an "encryption container" for transmission in its system, as shown above. Levy uses an "encryption container," such as a "DRM container," to transmit encrypted data securely. Levy also employs "federal identity [] unique secure login" feature, such as SAML (Security Asserting Markup Language), for authentication.

44.     Levy thus anticipates or renders obvious the claims of the '555 patent.

45.     As another example, SAML is a publication of the Assertions and Protocols for the Security Asserting Markup Language (SAML) V2.0 provided by the Security Service Technical Committee of OASIS. The SAML standard defines a framework for exchanging secure information between online business partners, and this publication defines the syntax and semantics for XML-encoded assertions about authentication, attributes, and authorization, and for the protocols that convey this information. According to the publication, a system using the SAML standard would rely on users' logon credentials for identity verification and authentication. The publication discloses that the SAML standard would allow various forms of user login identity, including using a user's email address as login identity.

46.     The combination of Levy and SAML thus renders obvious the claims of the '555 patent.

47.     By way of example, additional prior art that renders the claims of the '555 patent anticipated and/or obvious includes, but is not limited to:

- U.S. Patent No. 6,891,953 to DeMello, filed on June 27, 2000 and issued on May 10, 2005.
- U.S. Patent Application Publication No. US 2003/0110126 to Dunkeld, filed on December 10, 2001 and published on June 12, 2003.
- U.S. Patent Application Publication No. US 2008/0091613 to Gates, filed on September 28, 2006 and published on April 17, 2008.
- U.S. Patent No. 7,206,748 to Gruse, filed on December 10, 1998 and issued on April 17, 2007.
- U.S. Patent Application Publication No. US 2008/0313264 to Pestoni, filed on June 12, 2007 and published on December 18, 2008.
- U.S. Patent Application Publication No. US 2008/0313264 to Rao, filed on June 12, 2007 and published on December 18, 2008.

- U.S. Patent No. 7,996,503 to Van Vleck, filed on July 10, 2002 and issued on August 9, 2011.

- Ramya Venkataramu, Analysis and Enhancement of Apple's FairPlay Digital Rights Management, May 2007.

48. The claims of the '555 patent also are invalid under 35 U.S.C.§ 112 (pre-AIA) as indefinite, unsupported by the written description and/or not enabled. For example, claim 15 of the '555 patent is substantially identical to claim 21 of the '860 patent which was found indefinite under 35 U.S.C. § 112, ¶ 2 (pre-AIA) by the Southern District of New York due to lack of corresponding structure in the specification for means-plus-function limitations. *Grecia v. Samsung Elecs. Am., Inc.*, No. 1-16-cv-09691, Dkt. 58 (S.D.N.Y. Sept. 8, 2018). For the same reasons as set forth by that court with respect to claim 21 of the '860 patent, claim 15 of the '555 patent and the claims dependent thereon are indefinite under 35 U.S.C.§ 112 (pre-AIA). Grecia is also collaterally estopped from disputing the invalidity of claim 15 of the '555 patent under 35 U.S.C. § 112, ¶ 2 (pre-AIA) for having means-plus-function limitations without sufficient corresponding structure in the specification.

49. As another example, the following claim limitations of claims 1 and 15 of the '555 patent lack written description in and/or are not enabled by the specification and are therefore invalid under 35 U.S.C. § 112, ¶ 1 (pre-AIA):

- "verified web service capable of facilitating a two way data exchange to complete a verification process wherein the data exchange session comprises at least one identification reference."

- "facilitating interoperability between a plurality of data processing devices."

- "the communications console is a combination of graphic user interface (GUI) and an Application Programmable Interface (API) wherein the API is related to a verified web service."

- "metadata of the encrypted digital media," to the extent it is not limited to metadata stored within files comprising the encrypted digital content.

15

50. As a further example of the invalidity of the claims of the '555 patent, the certificate of correction for the '555 Patent broadened the originally issued claims, and therefore corrected claims 1 and 15 of the '555 Patent are invalid. On September 10, 2013, Grecia requested a correction under 35 U.S.C. 255 to change "obtained from" in claims 1 and 15 of the '555 Patent to "related to." The corrected claim language states that the "API is related to a verified web service" rather than "obtained from." The purported mistake in claim language was not "of a clerical or typographical nature, or of minor character" as required by § 255, and corrected claims 1 and 15, and the claims that depend therefrom, are invalid. Even if the error was "of a clerical or typographical nature, of minor character," the specification, drawings, and prosecution history do not clearly identify how the error should be corrected.

51. Accordingly, Samsung is entitled to a declaratory judgment that the claims of the '555 patent are invalid.

52. A judicial determination is necessary and appropriate so Samsung may ascertain its rights regarding the claims of the '555 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Samsung seeks an order and entry of judgment against Grecia as follows:

a. Judgment that Samsung has not and does not infringe the claims of the '555 patent in violation of 35 U.S.C. § 271 by or through making, using, offering for sale, selling within the United States and/or importing the Accused Products;

b. Judgment that Samsung has not and does not induce others to infringe by or through making, using, offering for sale, selling within the United States and/or importing the Accused Products, or infringe contributorily, willfully or otherwise, literally or under the doctrine of equivalents, the claims of the '555 patent in violation of 35 U.S.C. § 271.

c. Order that Grecia and each of his agents, counsel, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Samsung infringes the claims of the '555 patent or from instituting or initiating any action or proceeding alleging infringement of the claims the '555 patent against Samsung or any customers, manufacturers, users, importers, or sellers of the Accused Products;

d. Declaring that the claims of the '555 patent are invalid.

e. Declaring that Grecia is collaterally estopped from disputing the invalidity of the claims of the '555 patent.

f. Declaring Samsung as the prevailing party and this case as exceptional, and awarding Samsung its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

g. Ordering Grecia to pay all fees, expenses, and costs associated with this action; and

h. Ordering such other relief as the Court deems just and proper.

## JURY DEMAND

Samsung demands a jury trial on all issues and claims so triable.

Dated:  February 5, 2021                                    Respectfully submitted,

*/s/ Andrew George*

Andrew George
Penn. Bar. No. 208618
andrew.george@bakerbotts.com
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, DC 20001
Tel: (202) 639-7764
Fax: (202) 585-4084

Neil P. Sirota (*pro hac vice* forthcoming)
neil.sirota@bakerbotts.com

Stephanie Kato (*pro hac vice* forthcoming)
stephanie.kato@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
Tel: (212) 408-2500
Fax: (212) 408-2501

Timothy S. Durst (*pro hac vice* forthcoming)
tim.durst@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas  75201
Tel.: (214) 953-6500
Fax: (214) 953-6503

Attorneys for Plaintiffs Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.